

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Criminal Division*

---

*970 Broad Street, 7th floor*  *973-645-2700*
*Newark, New Jersey 07102*

September 3, 2019

K. Anthony Thomas, Esq.
Office of the Federal Public Defender
1002 Broad Street
Newark, New Jersey 07102

      Re:   U.S. v. Zamid Lowery
            Mag. No. 19-4298

Dear Mr. Thomas:

    This letter sets forth the plea agreement between your client, Zamid Lowery, and the United States Attorney for the District of New Jersey ("this Office").

## Charge

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Zamid Lowery to a one-count Information charging him with possession of firearms and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). If Zamid Lowery enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Zamid Lowery for his possession of firearms and ammunition on or about September 23, 2018. In the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Zamid Lowery may be commenced against him, notwithstanding the expiration of the limitations period after Zamid Lowery signs the agreement.

Sentencing

The violation of 18 U.S.C. § 922(g)(1) to which Zamid Lowery agrees to plead guilty carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Zamid Lowery is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Zamid Lowery ultimately will receive.

Further, in addition to imposing any other penalty on Zamid Lowery, the sentencing judge: (1) will order Zamid Lowery to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Zamid Lowery to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461; and (4) pursuant to 18 U.S.C. § 3583, may require Zamid Lowery to serve a term of supervised release of not more than 3 years, which will begin at the expiration of any term of imprisonment imposed. Should Zamid Lowery be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Zamid Lowery may be sentenced to not more than 2 years of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Zamid Lowery by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office

of: (1) this agreement; and (2) the full nature and extent of Zamid Lowery's activities and relevant conduct with respect to this case.

Stipulations

This Office and Zamid Lowery agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Zamid Lowery from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Zamid Lowery waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Zamid Lowery understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. The defendant understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. The defendant wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration

3

consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Zamid Lowery. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Zamid Lowery.

No provision of this agreement shall preclude Zamid Lowery from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Zamid Lowery and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: Jonathan W. Romankow
Assistant U.S. Attorney

APPROVED:

James Donnelly, Chief
Violent Crimes Unit

4

I have received this letter from my attorney, K. Anthony Thomas, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 8/30/2019
Jamid Lowery


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 8/30/2019
K. Anthony Thomas, Esq.

## Plea Agreement With Zamid Lowery

## Schedule A

1. This Office and Zamid Lowery agree to stipulate to the following facts:

   a. the offense involved (i) a 7.62 x 39-millimeter Palmetto State Arms PSAK47 semiautomatic rifle, bearing serial number AKB008365; (ii) a 9-millimeter Glock Model 17 semiautomatic handgun, bearing serial number SAD134; (iii) fifty rounds of 9-millimeter ammunition; and (iv) forty rounds of 7.62 X 39-millimeter ammunition.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.